## Memolo v. Poller

*David J. Reedy,* for plaintiff.
*Frank J. McDonnell,* for defendant.

LEWIS, J., November 19, 1941.—Plaintiff sued defendant in an action of assumpsit and arbitrated. The award was filed on August 29, 1941, and on September 5, 1941, an appeal was taken. The appeal was duly signed and the necessary affidavit required under the statute was taken before the prothonotary and the American Surety Company duly entered its recognizance. The recognizance is in the following words:

"Lou Poller tent in $200.00 American Surety Company of New York tent in $200.00—Sub. Con.

"That the above-named appellant shall prosecute the above appeal with effect and without delay and if appellant be cast therein, he shall pay all costs that may be legally recovered against him or in default thereof that the American Surety Company of New York will do so for him."

Plaintiff filed a motion to strike off the appeal and advances the following reason for striking off this appeal:

"Said appeal is defective and not in compliance with law, in that the appellant, the defendant, did not by himself, his agent or attorney, with one or more sufficient sureties in the nature of special bail, become bound in recognizance to the plaintiff, the condition that if the plaintiff in the event of the suit shall obtain a judgment for a sum equal to or greater, or a judgment as or more favorable than the award of the arbitrators, the said defendant shall pay all the costs that may accrue in consequence of the said appeal, together with the sum or value of the property or thing awarded by the arbitrators, with $1 for every day that has been

lost by the plaintiff in attending to such appeal, as provided by law."

Plaintiff further avers that, in taking the appeal, defendant in entering the recognizance did not comply with section 30 of the Act of June 16, 1836, P. L. 715, 5 PS §75, which provides as follows:

"If the defendant be the appellant, he shall, by himself, his agent or attorney, with one or more sufficient sureties, in the nature of special bail, be bound in recognizance to the plaintiff, the condition of which shall be, that if the plaintiff, in the event of the suit, shall obtain a judgment for a sum equal to or greater, or a judgment as or more favorable than the award of the arbitrators, the said defendant shall pay all the costs that may accrue in consequence of the said appeal, together with . . ."

We are unable to agree with plaintiff that the recognizance provided for under this section was necessary in taking this appeal.

We are of the opinion that the condition of the recognizance required under the Act of June 16, 1836, P. L. 715, was entirely changed by the Act of March 20, 1845, P. L. 188, sec. 1, which reads as follows:

". . . That in lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants; . . ."

Plaintiff further argues in his brief as follows:

"The uniform practice in our county follows the law in having a recognizance signed by the appellant; the blank form available at the prothonotary's office free of charge provides the necessary space for the signature of the appellant and his surety, although it is doubtful

if the form follows the law as to the obligation of the recognizance or the name of the obligee, which latter defect could possibly be amended. The defendant appellant did not enter into recognizance of any kind; he did not sign anything; the acknowledgment provided for the purpose is blank."

The recognizance was entered by a surety company. We are of the opinion a corporation can be present only by representation. When an attorney receives from a surety company a recognizance duly executed with the seal of the corporation and the signature of its officers and presents the same to the court official, the corporation is present in theory by its seal and its officers, and the attorney presenting the paper is in law an attorney-in-fact for the corporation authorized to deliver the paper. Presumably the surety company, which undoubtedly received compensation for becoming recognizor, intended to assume some responsibility and unless we construe this recognizance within the entirety of its four corners nonsense would result. His declaration that the corporation acknowledges itself bound according to the terms of the recognizance would be a mere repetition of that which already appears in writing.

The failure of defendant to sign the recognizance, in our judgment, is not fatal. He has furnished sufficient sureties required by the provisions of the said Act of March 20, 1845. We concede that it would be better practice for appellant to sign the recognizance, but we know of no law that compels him to do so.

Hence we are of the opinion that the Act of March 20, 1845, P. L. 188, clearly permitted defendant to appeal upon bail for costs only.

Wherefore, the appeal must be permitted to stand.

Now, November 19, 1941, the rule heretofore granted to strike off appeal from award of arbitrators is discharged.