## Elfenbein v. Schilberz

*Gifford, Graham, MacDonald & Illig,* for appellant.
*Jessamine S. Jiulante, Sr.,* and *Peter Schaaf,* for appellees.

LAUB, J., February 21, 1958.—The arbitrators appointed to decide the issue in the within case made an award in favor of plaintiffs. Such award was entered October 23, 1957. On November 12, 1957, defendants attempted to enter an appeal but failed to file the required bond until November 19, 1957. Plaintiffs then moved to strike off the attempted appeal on the ground that the bond had to be filed within the 20-day period established by the Act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71. We are presently disposing of plaintiffs motion as aforesaid.

The fourth paragraph of section 27 of the Act of 1836, supra, requires that: "Such appeal shall be entered, and the costs paid, and recognizance filed, within 20 days after the day of the entry of the award of the arbitrators on the docket." Defendant argues that the provision for recognizance is a mere ministerial requirement which does not affect the appeal, that the purpose of the act was to protect the winner of the award in the event the appeal fails and that therefore the entry of a bond at any time prior to the trial of the appeal affords adequate protection to the successful litigant before the arbitrators. Whatever construction is placed upon the statute, and whatever its purpose,

we consider we have no authority to permit the entry of a bond at a period subsequent to the 20-day period mentioned above. The language of the act clearly implies that three things must be done in order to have a perfected appeal, all three of which must occur prior to the lapse of the statutory period. The three things mentioned are: (1) An oath or affirmation that the appeal is not for the purposes of delay but because appellant firmly believes injustice has been done (section 27, par. I, of the act) ; (2) the payment of all the costs that have accrued (section 27, par. II, of the act) ; (3) the entry of a recognizance (section 27, par. III, of the act). If any of these be omitted, the appeal is not perfected.

While there has been no precedent discovered applicable to the question of the required bond, it is well settled that the payment of all taxed costs is a condition precedent to an appeal from an award of arbitrators: Schneider v. New York and Cleveland Gas and Coal Company, 98 Pa. 470. Since the required recognizance stands upon the same footing as the payment of costs, it is obvious that the same legal principles apply. As a general rule, where a statute fixes a time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc: Schrenkeisen v. Kishbaugh, 162 Pa. 45, 48. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors. Courts have no dispensing power, even in matters of practice, when the legislature has spoken. A judge can no more enlarge a time fixed by statute than he can legislate in any other matter: Wise v. Cambridge Springs Borough, 262 Pa. 139, 143-4. Had there been fraud or its equivalent, or the

prevention of the appeal by the wrongful or negligent act of a court official, the result might be different: Zeigler's Petition, 207 Pa. 131. No such circumstances appear here.

And now, to wit, February 21, 1958, the rule entered November 21, 1957, to show cause why the appeal should not be struck off is made absolute.