## Ostot v. Shoff

Before Shughart, P. J., and Jacobs, J.

*Gurney B. Ruby, Jr.*, for plaintiff.

*Marian Schwalm Furman*, for defendants.

JACOBS, J., June 20, 1960.—On February 9, 1960, this court granted defendants a period of 20 days from that date within which to perfect an appeal from an adverse award of arbitrators. Within the 20 days, to wit, on February 19, 1960, defendants filed their appeal. A copy of the appeal was immediately mailed by the attorney for defendants to plaintiff and his counsel. On April 5, 1960, plaintiff filed a motion to quash the appeal on the ground that appellants had not paid all the costs that had accrued in the case, as they were required to do by the Act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71.

It is true that the act cited by plaintiff, which act governs compulsory arbitration in Pennsylvania, does, inter alia, require appellant to pay all the costs which have accrued at the time an appeal is taken and appellants in this case paid none of those costs which amounted to $19.35. In taking an appeal appellant is also required to file an affidavit that the appeal is not for the purpose of delay, enter into a recognizance and repay to the county the fees of the members of the board of arbitrators. Appellants did all of these things within the 20-day appeal period. After the motion to quash was filed, defendants paid the accrued costs to the prothonotary.

Defendants' attorney asks to be excused from this failure to comply with the statute for a number of

reasons. She states that she relied on the advice of the prothonotary. We are not convinced by this argument for in this county the attorney is the one learned in the law, not the prothonotary. In the second place she claims that plaintiff should have ruled appellants within the 20-day period to pay the costs, and by his failure to do so and by waiting until she had placed the case on the trial list to move to quash the appeal, he has waived his right to make such motion. Again we are not convinced by this argument. Not only was the attorney for plaintiff under no duty to tell her of this mistake within the 20-day period, but had he done so and aided in curing the mistake he would be guilty of a breach of the duty he owed to his own client. The attorney for defendants also argues that no one has been hurt by the failure to pay the costs within the 20 days and that therefore under the provisions of Pa. R. C. P. 126 the failure to strictly comply with the statute should not be enforced against her clients.

It is true that plaintiff has not been harmed by the failure to pay costs. He was notified of the filing of the appeal as soon as it was made. However, the statute specifically requires that the costs be paid at the time that an appeal is taken. Can we then use Pa. R. C. P. 126 to excuse failure to comply with the statute? The cited rule provides as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

It is our task to determine what the law is and not to make new law. If, therefore, the appellate courts of Pennsylvania have established precedents which control the situation now before this court, we would not be justified in applying Pa. R. C. P. 126 to overrule

such precedents. We feel that the decisions of our appellate courts concerning appeals from justices of the peace are such precedents. In the case of appeals from justices of the peace the prerequisites to such appeals are laid down by statute just as they are in the case of appeals from awards of arbitrators.

In the case of appeals from justices of the peace where a defective recognizance is filed, the same may be perfected after the appeal time has expired and the appeal will not be dismissed. However, where no recognizance is filed within the appeal time, the appeal will be dismissed. This distinction is very clearly pointed out in New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367.

In taking appeals from judgments of justices of the peace appellant can pay the justice's costs and give bail absolute in double the probable amount of costs accrued and likely to accrue or he can give bail absolute for the payment of debt, interest and costs that have accrued and will accrue on affirmance of the judgment. In the latter case he is not required to pay any costs before taking the appeal. However, where appellant gives bail absolute in double the probable amount of costs accrued and likely to accrue and neglects to pay the costs, it is an incurable defect and the appeal will be quashed: Dougherty v. Greggs, 159 Pa. Superior Ct. 166.

We do not see any substantial difference between the statutory requirements in appeals from justices of the peace and the statutory requirements in appeals from awards of arbitrators. Had defendants in the instant case filed a defective recognizance, they should be allowed to perfect it, but where they failed to pay the costs, it is a fatal defect for which the appeal must be quashed.

If it be suggested that it is within the court's discretion to allow the appeal to be perfected nunc pro

tunc, the Superior Court has clearly laid down the requirements for the exercise of such discretion. In Dougherty v. Greggs, supra, it is pointed out that in order to exercise the discretion to allow an appeal nunc pro tunc "there must be something more than mere hardship or lack of diligence; there must be fraud or its equivalent." Certainly defendants would not claim in this case that fraud or its equivalent had been practiced on them.

The requirement that accrued costs be paid before an appeal is taken is not unusual. Furthermore, in Smith Case, 381 Pa. 223, former Chief Justice Stern, in holding the act of assembly providing for compulsory arbitration in Pennsylvania to be constitutional, pointed out that such a requirement is not an onerous condition.

Defendants have cited two lower court cases where appellants from awards of arbitrators were either allowed to perfect their appeals nunc pro tunc or motions to quash were dismissed. In neither case had the costs been paid within the 20-day appeal period. Those cases were both based upon the fact that arbitration was new in the county. A reading of the cases shows that that was the main reason for the allowance of the appeals. This reasoning does not apply in Cumberland County where compulsory arbitration of all proper cases involving $1,000 or less has been in effect since 1953.

We do feel that it would be unfair to cause defendants to suffer the loss of the $75 which they have paid to the prothonotary to reimburse the county for the fees of the arbitrators, and our order will therefore include a direction to return the same to the attorney for defendants.

*Order*

And now, June 20, 1960, at 9:30 a.m., plaintiff's motion to quash the appeal is sustained and the appeal

is dismissed. The prothonotary is directed to return, or cause to be returned, to the attorney for defendants the sum of $75 paid by said attorney on behalf of defendants to reimburse the county for the fees of the arbitrators at the time the appeal was filed.