## Scott v. Laslow

*Cusick, Madden, Joyce, Acker & McKay,* for plaintiff.

*Donald E. Hittle,* for defendants.

RODGERS, P. J., December 20, 1965.—The above-captioned four assumpsit cases were brought before one justice of the peace, who gave judgment for plaintiff in each case. Each of the defendants entered his

separate appeal, filing with the justice his "Bail Absolute", signed solely by another person so acting.

The "Bail Absolute" in each case began with the full caption of the case and was in the following form:

*"Bail Absolute*

"I and/or we hereby become bail absolute in the sum of $400.00 conditioned for the payment of debt, interest and cost that has accrued or that may accrue upon the final determination of this suit, and that the appellant will prosecute his appeal with effect.

"/s/ Ernest Laslow

"July 17, 1965

_____"

Appellants paid the justice his transcript fees. Thereafter, the justice delivered his transcripts, which were filed in the prothonotary's office of this court. Appellee then moved to quash each of the appeals, on the grounds that appellants neither paid their case costs upon appealing nor did they personally sign their respective "Bail Absolute" instruments.

A party appealing from the judgment of a justice of the peace may choose between two methods: (1) He may pay the costs and enter bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sureties, conditioned for the payment of all costs accrued, or that may be legally recovered against appellant (Act of March 20, 1845, P. L. 188, 42 PS §921) ; or (2) enter good and sufficient bail absolute for the payment of debt, interest and costs that have accrued or will accrue upon the affirmance of the judgment, in which case appellant is not required to pay any costs before taking the appeal: Act of May 29, 1907, P. L. 306, 42 PS §928.

It is clear, then, that appellant may appeal under either statute, and that if he complies with either, his cause is properly before this court.

Appellants contend that they have complied with the

Act of 1907 by filing a "Bail Absolute" in a proper sum conditioned for the payment of debt, interest and costs. We believe that they have. There is no requirement, as suggested by appellee, that appellants sign the bail. Appellants are already bound by the judgment, and appellee would gain nothing by their signing. This principle was decided by our Supreme Court in 1813, where Chief Justice Tilghman declared it in Cavence v. Butler, 6 Binney 52.

Appellee also suggests that the bail is defective because it is not directed in anyone's favor. This is not an effective argument, for each "Bail Absolute" carries the full caption of the case involved and declares Jim Scott to be the person interested in recovering the payment of the debt. If otherwise bound to pay, it is clear that the signers of the "Bail Absolute" would find it impossible to deny that the person whom they owed was Jim Scott.

ORDER

And now, December 20, 1965, the motion to quash the appeal is denied.

EXCEPTION

And now, December 20, 1965, an exception to the above order is granted for appellee, Jim Scott.