Opinion by
 

 Hannum, J.,
 

 On July 21, 1965, plaintiffs brought a trespass action against defendant Chintala for damages to their automobile. Defendant joined Kuhns, appellant here, as additional defendant and asserted affirmative claim against Kuhns for damages to defendant’s automobile. The amounts of damage being within statutory limits of arbitration, this case was heard by arbitrators who filed an award on July 11, 1966 in favor of plaintiffs against additional defendant and in favor of defendant against additional defendant.
 

 On August 1, 1966, additional defendant appealed from the award (both awards), paying the prothonotary the amount of the arbitrators’ fees, and the additional sum of |142.40. The prothonotary noted on the docket that this latter sum was “deposited in the escrow account”. No recognizance of any sort was filed within the statutory 20 day period as required by the Act of June 16, 1836, P. L. 715, §27, 5 PS §71, and no recognizance has been filed to the present time.
 

 
 *473
 
 On October 6, 1966, defendant Obintala, appellee here, moved to quash tbe appeal of additional defendant on the grounds that the additional defendant had failed to pay the accrued costs, or to file a recognizance.
 

 Following argument, the court (Shadle, J.) by order, directed the prothonotary to refund to additional defendant all amounts deposited by him except the accrued docket cost, failed to perceive how the appellant had not paid the accrued costs, granted the motion to quash the appeal in that the additional defendant did not, in fact, file a recognizance as required by statute. The additional defendant appealed. The order will be affirmed.
 

 In the case of appeals from awards of arbitrators, the prerequisites to such appeals are laid down by statute.
 

 In
 
 Fleisher v. Kaufman,
 
 206 Pa. Superior Ct. 378, 382, 212 A. 2d 846 (1965), this Court said: “As was said by Steen, C. J., in the
 
 Smith
 
 case, 381 Pa. 223, at 231, 112 A. 2d 625, at 630 (1955) : 'There can be no valid objection, therefore, to the provisions of the Act of 1836, unchanged by the Act of 1952, regarding the payment of the accrued costs and the giving of a recognizance for the payment of the costs to accrue in the appellate proceedings as the condition for the allowance of an appeal from the award of the arbitrators.’ ”
 

 In
 
 Ostot v. Shoff,
 
 22 Pa. D. & C. 2d 488 (1960), Jacobs, J. (now Judge Jacobs of this Court), said: “. . . in the case of appeals from justices of the peace the prerequisites to such appeals are laid down by statute just as they are in the case of appeals from awards of arbitrators.
 

 “In the case of appeals from justices of the peace where a defective recognizance is filed, the same may
 
 *474
 
 be perfected after the appeal time has expired and the appeal will not be dismissed. However, where no recognizance is filed within the appeal time, the appeal will be dismissed. This distinction is very clearly pointed out in New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367”.
 

 The late President Judge Keller in
 
 New Castle Metal Products Company v. Campbell,
 
 131 Pa. Superior Ct. 367, 200 A. 118 (1938), at p. 369, referring to a defective recognizance or bond for costs, said: “. . . the established practice is to permit the appellant to perfect the recognizance or bond or file an amended one nunc pro tunc, and not dismiss the appeal until an opportunity to do so has been given the appellant. . . . But that rule is not applied where no bond or recognizance whatever is filed”.
 

 In
 
 Elfenbein v. Schilberz,
 
 17 Pa. D. & C. 2d 113 (1958), an appeal from the award of arbitrators where the appellant failed to enter a recognizance established by the Act of June 16, 1836, P. L. 715, §27, 5 PS §71, Judge Laub said, at p. 114: “The language of the act clearly implies that three things must be done in order to have a perfected appeal, all three of which must occur prior to the lapse of the statutory period. The three things mentioned are: (1) An oath or affirmation that the appeal is not for the purposes of delay but because appellant firmly believes injustice has been done (section 27, par. I, of the act); (2) the payment of all the costs that have accrued (section 27, par. II, of the act); (3) the entry of a recognizance (section 27, par. Ill, of the act). If any of these be omitted, the appeal is not perfected”.
 

 In
 
 Cramer v. Zeigler,
 
 36 Pa. D. & C. 2d 669 (1965), parent plaintiff’s appeal from award of arbitrators was quashed on the basis that parents in their derivative suit have no standing to appeal without payment
 
 *475
 
 of costs and giving the required recognizance. Appellants requested to amend the bond and pay the costs nunc pro tunc. President Judge Shughart said, referring to
 
 Ostot v. Shoff,
 
 22 Pa. D. & C. 2d 488: “Such leave should not be granted on the absence of fraud or its equivalent. No such compelling reason has been shown in this case. To grant such leave here would render the statutory conditions for an appeal a nullity”.
 

 The cases cited by appellant serve to confirm the distinction between a defective recognizance vis-a-vis none at all.
 

 Appellant has not sought to explain the failure to file recognizance nor to fall under the requirements for the exercise of discretion such as fraud or the equivalent. See
 
 Dougherty v. Greggs,
 
 159 Pa. Superior Ct. 166, 48 A. 2d 149 (1946).
 

 Appellant has stated in the answer to defendant’s motion to quash: “It is denied that a recognizance is required by statute or by rule and the additional defendant demands proof thereof at the trial of this issue”. Appellant makes his position clear, with candor; however, as here, where no bond or recognizance has been filed, the appeal is not perfected, nor can it be in the absence of a basis for the exercise of this Court’s discretion permitting filing a recognizance nunc pro tunc.
 

 It has been held in several cases that the deposit of cash does not meet the requirement of the Act of March 20, 1845, P. L. 188 (42 P.S. 921). See
 
 Steam Heat and Power Co. v. Hutchinson,
 
 3 Dist. 657 (1894);
 
 Hughes v. Hughes,
 
 10 Luz. Reg. 85 (1900);
 
 Hine v. Feese,
 
 42 York 89 (1928);
 
 Wingard v. Bohol,
 
 45 Pa. D.
 
 &
 
 C. 130 (1941); and
 
 Sweeney v. McAdams,
 
 35 Del. Co. Rep. 339 (1947).
 

 It may be strange that cash should not be just as acceptable as a bond as security for an appeal. In
 
 *476
 
 fact, it would appear to be more so, since the cash is available immediately, whereas it might be necessary to enter suit on the bond before it could be collected. However, the reason appears in
 
 Commonwealth ex rel., Appellant, v. Sitler,
 
 261 Pa. 261, 265, 104 A. 604 (1918). There being no authority to give or receive cash, the latter would not be in custodia legis and would, therefore, be subject to attachment by depositor’s creditors.
 

 That very situation arose in
 
 Bauman v. Bittner,
 
 152 Pa. Superior Ct. 628, 33 A. 2d 273 (1943), where it was held that a prothonotary held none of the money as an officer of the court but only as an individual.
 

 Appellant also argues that the procedure followed was traditional in York County and was what was requested by the prothonotary. This argument was made in
 
 Lanigan v. Lewis,
 
 210 Pa. Superior Ct. 273, 232 A. 2d 50 (1967), and answered by Judge Montgomery as follows, at page 277: “Insofar as practice in Philadelphia County or elsewhere is concerned, it must not be repugnant to law. It has been said that a custom is a usage which has obtained the force of law. However that be, it cannot prevail in the face of a statute to the contrary. Allen v. Mack, 345 Pa. 407, 28 A. 2d 783 (1942).” This is not a case of defective recognizance, but of none at all. Filing of a recognizance in this case is required by statute.
 

 The order is affirmed.
 

 Watkins, J., dissents.