## Smith v. Hempfield Township

*G. W. Wilde,* for appellant.
*Donald R. McKay,* for Hempfield Township.
*Michael Halliday,* for intervenors.

STRANAHAN, P. J., June 15, 1972.—This matter

concerns the appeal from the adoption of an ordinance no. 72-3 of Hempfield Township, Mercer County, Pa., which was enacted by the supervisors on April 27, 1972. The appeal on behalf of Robert A. Smith, plaintiff, was filed on May 30, 1972, and on that date the court entered an order directing that petitioner should post security for the payment of costs in the sum of $100.

On June 2, 1972, $100 cash was deposited by plaintiff.

The court now has before it a number of matters, but included is a motion to strike the appeal for the reason that this appeal is not in compliance with the Second Class Township Code of June 19, 1961, P. L. 486, sec. 1, amended by the Act of June 6, 1963, P. L. 73, in that plaintiff has failed to enter the required recognizance as ordered by the court and required by the statute and for the further reason that the cash posted with the prothonotary was deposited more than 30 days after said ordinance took effect and, therefore, the appeal was not properly taken.

The procedure covering an appeal from the enactment of an ordinance is set forth in the above statutes: 53 PS §65741. The statute indicates that an ordinance shall become effective five days after it is adopted. The act further provides that any aggrieved person may, within 30 days after such ordinance takes effect, make complaint as to the legality of such ordinance upon entering into recognizance with sufficient surety to prosecute the same with effect and for payment of costs.

Plaintiff in the case did not deposit the $100 cash until June 2, 1972, which is the thirty-first day after the ordinance took effect and in depositing the $100 in cash plaintiff did not provide a recognizance with sufficient surety as required by the statute.

We believe this matter is controlled by Gable v. Chintala et al., 212 Pa. Superior Ct. 471. This case holds that where an appeal requires the entry of a recognizance within the time prescribed for the appeal that such appeal is not perfected and might be quashed if the recognizance is improperly filed and is not filed within the prescribed time. The case further holds that the court does not have the discretion to permit a recognizance to be filed nunc pro tunc.

The case further holds that the deposit of cash does not meet the statutory requirement that a recognizance be filed on appeal.

For this reason, we must grant the motion to quash the appeal.

## ORDER

And now, June 15, 1972, the motion to strike the appeal for the reason that it was not perfected within 30 days is granted and the appeal is stricken, and that the $100 deposited by plaintiff shall be returned to W. Allen Dill, Esq., attorney for plaintiff.