124

419 A.2d 692

**Mary MONTELL, a widow,**

v.

**BANKER'S LIFE OF NEBRASKA INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed April 18, 1980.

George M. Evan, Pittsburgh, for appellant.

William A. Weiler, Pittsburgh, submitted a brief on behalf of appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

Appellant, Banker's Life Insurance Company of Nebraska, appeals from the order of the Court of Common Pleas of Allegheny County which quashed its appeal from an arbitration award on the basis that appellant's appeal was defective. We vacate the order of the lower court and remand for the correction of the defective appeal bond.

Appellee, Mary Montell, filed this suit in assumpsit against Banker's Life to collect the insurance proceeds from the policy she held on her deceased husband's life. The case was heard by a board of three arbitrators and their decision in the amount of $5,000 was in favor of Mrs. Montell.

Banker's Life then filed an appeal from the arbitrator's award and the case was assigned for trial. On the day trial was to begin, appellee moved to quash the appeal on the basis that the appeal bond filed by Banker's Life was defective as to the amount and that Banker's Life had not executed it. The lower court agreed that the bond was

defective and quashed the appeal. It is from that order which appellant comes before us.

■ The issue on appeal is whether the lower court erred in quashing the appeal without first making any determination of whether appellant made a good faith effort to comply with the statutory requirements. In addressing this issue, we note first that the filing of a recognizance or appeal bond is required, and appellant, at the time of the instant case, was required to satisfy the following requirements:

"I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay, such appeal is entered, but because he firmly believes an injustice had been done.'

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. Such appeal shall be entered, and the cost paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding 50 percent of the amount in controversy. The balance of the arbitrators' fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo."

Act of June 16, 1836, P.L. 715, § 27; 1952, Jan. 14, P.L. (1951) 2087, § 4; 1956, March 15, P.L. (1955) 1279, § 1, 5 P.S. § 71 (1963). *Repealed* § 2(a)[149] of Act 1978, April 28, P.L. 202, No. 53, generally effective June 28, 1978 as to §§ I and IV, otherwise effective June 27, 1980. *See now* 42 Pa.C.S. §§ 7361, 7362 (1979 Pamphlet).

The lower court opinion concedes appellant satisfied all these requirements except that the bond was filed in the amount of $500. The court found that the amount of the

bond should have been governed by the Act of March 21, 1849, P.L. 216, § 3, 12 P.S. § 1361,[1] and that appellant had, instead, filed bond in the amount of double the amount of costs pursuant to the Act of March 20, 1845, P.L. 188, § 1, 42 P.S. § 921 and Allegheny County Local Rule 306(a)(1).[2] Admittedly, the statute that should have governed was as the lower court stated, the Act of March 21, 1849 dealing with foreign corporations. However, that defect alone does not support the granting of a motion to quash.

1. This section reads:
"In all suits or actions hereinafter to be brought in any court of record of this Commonwealth, against any foreign corporation or body corporate, not holding its charter under the laws of this Commonwealth, every judgment, verdict or award rendered against such corporation, shall be final and conclusive, unless the said defendants, in addition to the usual proceedings in cases of appeal, shall give good and sufficient bail in the nature of bail absolute, for the payment of such sum or sums as shall finally be adjudged to be due to the plaintiff or plaintiffs, together with interests and costs thereon  .  .  ."
This section was repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[244] effective June 27, 1978. *See now* 42 Pa.C.S. § 1722(a)(1) (1979 Pamphlet).

2. The text of 19 P.S. § 921 reads:
"In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal  .  .  .  from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants." This section was repealed by § 2(a)[210] of the Act, 1978, April 28, P.L. 202, No. 53, generally effective June 27, 1978, to take effect June 27, 1980.
Allegheny County Local Rule 306(a)(1) provides:
"A. Any party may appeal from the action of the Board of Arbitration to the Court of Common Pleas of Allegheny County. The right of appeal shall be subjected to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the Deputy Prothonotary for Arbitration.
(1) The appellant shall pay an appeal fee of Ten ($10) Dollars and shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel; the appellant shall also file an affidavit that the appeal was not taken for delay, but because he believes an injustice has been done; *the appellant shall file a recognizance bond with sufficient surety in double the amount of costs likely to accrue conditioned for the payment of all costs that may be legally recovered.*

Instead, our case law has applied the practice of allowing an appellant to file "an amended recognizance non pro tunc and not to dismiss the appeal in such circumstances. This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit [the] appeal to be dismissed with prejudice." *Beth–Allen Sales Co. v. Hartford Ins. Group*, 217 Pa.Super. 42, 47, 268 A.2d 203, 206 (1970). *Gable v. Chintala*, 212 Pa.Super. 471, 243 A.2d 487 (1968). Cf. *Mikita v. Bailey Homes, Inc.*, 265 Pa.Super. 399, 401 A.2d 1367 (1979); *Meta v. Yellow Cab Co. of Philadelphia*, 222 Pa.Super. 469, 294 A.2d 898 (1972).

In the case of *Gable v. Chintala*, supra, the lower court was justified in quashing the appeal because appellant had failed to file a recognizance bond. However, in *Beth–Allen Sales Co. v. Hartford Ins. Group*, supra, appellant had filed a defective recognizance bond which the Superior Court allowed to be amended. Our Court stated:

"Here, plaintiff in good faith took his appeal and filed a 'bond' which, in his opinion, complied with the requirements for perfecting the appeal. Although the recognizance was defective in various respects, its purpose, in light of the statutory framework was obvious and its obligation understood. To quash the appeal in these circumstances would result in a return [of] the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years."

In applying these cases and reasoning to the instant case, we conclude that the lower court erred by quashing the appeal. The additional fact that the bond was not executed by the appellant, while certainly a consideration, is not an oversight sufficient to require the appeal to be quashed. We note that the bond was signed by the attorney–in–fact for the surety company and could easily have been amended to supply appellant's signature as well. In fact, several lower court cases have applied this reasoning and allowed an

appeal bond to be so amended. *See Coates v. Rodemoyer*, 41 Pa. D. & C.2d 593 (1967). *See also Scott v. Laslow*, 38 Pa. D. & C.2d 747 (1965); *Alpha Coal Co. v. Hittenger*, 32 North L. Rept. 237 (1950); and, *Memolo v. Ploller*, 43 Pa. D. & C. 262 (1941) (a recognizance bond need not be executed by appellant to be valid).

Since appellant substantially complied with the statutes regarding the filing of a recognizance bond, it should have been given the opportunity to correct the defective bond. Accordingly, we vacate the order to quash the appeal and remand to the lower court for the filing of a recognizance bond nunc pro tunc.

The order of the court below is reversed and the case is remanded for further proceedings consistent with this opinion.