In Re: Petition for Review of WHAR-TON TOWNSHIP ORDINANCE NO. 2 OF 2006 by Allyson V. PALLAY, Bart F. Bigham, Jason W. Ashman and Garret S. Ashman

Appeal of: Allyson V. Pallay, Bart F. Bigham, Jason W. Ashman and Garret S. Ashman.

Commonwealth Court of Pennsylvania.

Argued May 8, 2007.

Decided June 21, 2007.

Robert W. Kennedy, Jr., Pittsburgh, for appellants.

Denise B. Simon, Uniontown, for appellee.

BEFORE: COLINS, Judge, PELLEGRINI, Judge, and FRIEDMAN, Judge.

OPINION BY Judge FRIEDMAN.

Allyson V. Pallay, Bart F. Bigham, Jason W. Ashman and Garret S. Ashman (Landowners) appeal from the September 22, 2006, order of the Court of Common Pleas of Fayette County (trial court) granting the Motion to Dismiss Landowners' Exceptions and Petition for Review filed by the Wharton Township Board of Supervisors (Township). We affirm.

The facts are not in dispute. On July 17, 2006, the Township adopted an ordinance that extends a Township road onto Landowners' property. On July 27, 2006, Landowners filed a Petition for Review and Exceptions (Petition), seeking the appointment of a board of viewers. The Petition was filed pursuant to section 2305(c) of The Second Class Township Code (Code),[1] which states, in pertinent part, as follows:

---

1. Act of May 1, 1933, P.L. 103, *as amended,* added by section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67305.

§ 67305 Hearing; report; exceptions thereto; view and notice

. . .

(c) Any resident or property owner affected by the ordinance mày within thirty days after the enactment of the ordinance of the board of supervisors, *upon entering in the court sufficient surety* to indemnify the board of supervisors for all costs incurred in the proceedings, file exceptions to the ordinance together with a petition for review. Upon receipt of the exception *and surety,* the court of common pleas shall appoint viewers from the county board of viewers for the purpose of reviewing the ordinance and exceptions thereto.

53 P.S. § 67305(c) (emphasis added). The proposed order that Landowners attached to their Petition stated that Landowners shall post a bond of $1000 as surety with the trial court. (R.R. at 14.) Landowners filed the Petition with the prothonotary, but Landowners did not present the Petition to the trial court or enter any amount as surety with the trial court.

On August 28, 2006, the Township filed a motion to dismiss the Petition on the grounds that Landowners did not enter surety within thirty days, as required by section 2305(c) of the Code. The motion was scheduled for motions court on September 11, 2006. On that date, after the Township presented its motion to dismiss, Landowners submitted a reply, asserting that, in order for Landowners to enter "sufficient" surety with the trial court, the trial court must first determine a specific amount of surety. According to Landowners, a prior determination by the trial court setting the amount of "sufficient surety" is necessary to prevent the Township from attacking the Petition by asserting that the surety entered is not sufficient. Landowners noted that the proposed order attached to their original Petition suggested a "sufficient" amount of surety, but the trial court did not issue any order confirming the suggested amount. Landowners also presented and filed a second petition for the appointment of a board of viewers as well as a proposed order that sought to have the trial court set forth a specific amount of surety to be entered with the court within fourteen days. (R.R. at 27.)

The trial court first determined that section 2305(c) of the Code mandates that surety be entered as a prerequisite for the filing of a petition for review. The trial court then concisely phrased the issue as "where, as here, no surety has been filed, what becomes of the appeal?" (Trial ct. op at 2.) Relying on *Linda Development Corp. v. Plymouth Township,* 3 Pa. Cmwlth. 334, 281 A.2d 784 (1971), and *New Castle Metal Products Company v. Campbell,* 131 Pa.Super. 367, 200 A. 118 (1938), the trial court concluded that Landowners' Petition must be dismissed based on Landowners' failure to satisfy the statutory requirement. Accordingly, the trial court granted the Township's motion to dismiss and did not consider Landowners' second petition.

■ On appeal to this court, Landowners argue that the trial court abused its discretion or committed an error of law by dismissing Landowners' Petition and/or by failing to consider Landowners' subsequently filed petition for the appointment of a board of viewers. However, the statutory language is clear. An affected property owner may file exceptions to an ordinance within thirty days after the enactment of the ordinance *"upon entering in the court sufficient surety."* 53 P.S. § 67305(c) (emphasis added). Thus, the trial court correctly interpreted section

2305(c) of the Code as setting forth the entering of surety as a condition precedent to the filing of exceptions and a petition for review.

Landowners also assert that the cases relied upon by the trial court are significantly distinguishable and, therefore, not controlling. We disagree. In *Linda Development,* a complaint challenging the procedural validity of a zoning amendment was filed by the appellees pursuant to section 1502 of The First Class Township Code,[2] which, as it then existed, provided that a complaint as to the legality of an ordinance may be made "upon entering into bond with sufficient security to be approved by the court. . . ." The appellant filed a motion to strike the complaint for failure to file the required bond, but the trial court granted the appellees leave to file the bond *nunc pro tunc* and dismissed the appellant's motion. This court reversed. Relying on New Castle, we held that, where a defective bond has been filed by an appellant, the established practice is to permit the appellant to perfect the bond or file another one *nunc pro tunc;* however, where no bond has been filed, and such a statutory requirement is wholly lacking, the appeal will be dismissed.

■ *New Castle* involved an appeal from a judgment entered against the appellant in a contract action. The plaintiff/appellee moved to strike the appeal on the ground that the appeal had not been perfected by executing the bond required by the applicable statute. The trial court struck off the appeal, and, on appeal, the superior court affirmed. In doing so, the court relied on the general principle that an appeal will be quashed where the appellant has failed to comply with a statutory requirement necessary to sustain the appeal, for example, the payment of costs.[3]

Although these cases concern different statutes, we conclude that the general rule they set forth is applicable here, where the relevant statute requires the entering of surety as a prerequisite for the filing of exceptions. Under this general rule, a party may remedy defective performance, but where, as here, "such a statutory requirement is wholly lacking," the action is properly dismissed. *Linda Development.*

Landowners maintain that the only interpretation of section 2305(c) that guarantees their fair and equitable right of appeal and provides a necessary check on governmental power is one that requires the trial court to determine the amount of sufficient surety simultaneously with the filing of exceptions. However, the decisions cited above reflect that the courts have been consistently fair and equitable in applying similar statutory requirements by permitting a party to perfect a defective bond or recognizance. Thus, under these cases, had Landowners entered some amount of surety with the court, *within thirty days,* Landowners would have been given the opportunity to remedy any challenged insufficiency.

Accordingly, we affirm.

DISSENTING OPINION BY Judge COLINS.

I must respectfully dissent. Appellants' counsel's belief that the trial court would

2. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56502. Presently, the relevant portion of section 1502 states only that "Complaint as to the legality of any ordinance . . . may be made to the court." 53 P.S. § 56502(c).

3. Thereafter, in *Gable v. Chintala,* 212 Pa.Super. 471, 243 A.2d 487 (1968), the court relied on New Castle in an appeal from an arbitration award. The trial court quashed the appeal for failure to file a recognizance because the relevant statute required the entry of a recognizance as a condition for the allowance of an appeal. Affirming, the superior court emphasized the distinction between a defective recognizance and none at all.

either approve or disapprove the proffered $1,000.00 surety was completely reasonable.

The trial court's dismissal of landowners' action due to their attorney having failed to personally deliver the petition, as putatively required by local rule, to the trial judge was arbitrary and unreasonable.

I would reverse, remand, and direct that the trial court conduct a hearing as to the appropriate amount of surety and that landowners be allowed to pursue their appeal after posting the surety.