## Cramer v. Zeigler

*John McCrea*, for plaintiff.

*Tom H. Bietsch*, for defendant.

SHUGHART, P. J., January 26, 1965.—By stipulation of the parties, the above matter was submitted to a board of arbitrators. Following a hearing, the arbitrators found in favor of defendant. Plaintiffs filed an appeal from this award and defendant countered with a motion to quash the appeal on the ground that the plaintiffs had failed to pay all costs that had accrued and to file a proper bond with sureties as required by law. In the answer to the rule to show cause why the appeal should not be quashed, plaintiffs in effect admitted that the costs had not been paid and that there were no sureties on the bond but averred that since one of the plaintiffs, R. Scott Cramer, was a minor neither of these requirements applied. In Ostot v. Shoff, 22 D. & C. 2d 488, we held that the failure to pay the accrued costs in an appeal from arbitrators was a fatal defect which resulted in the quashing of the appeal. In Elfenbein v. Schilberz, 17 D. & C. 2d 113, it was decided that an appeal from an award of a board of arbitrators should be stricken where the appellant failed to file the recognizance required by sections 27 and 30 of the Act of June 16, 1836, P. L. 715, 5 PS §§71, 75.

Section 31 of the Act of 1836, supra, 5 PS §76, does relieve minor appellants from the obligation to pay costs or to enter into the required recognizance. This provision, however, does not operate to relieve parents suing in their own right in the derivative suit arising from injuries to their child.

"There is no merit in the position that the action of the parent plaintiffs in their own right may be ap-

pealed to the common pleas court without payment of costs required by section 27 of the Act of 1836, supra, as amended, 5 PS §71, merely because the case of their minor child, in which they act as parents, natural guardians and next friends, may be appealed without payment of costs. The limitation upon their right to appeal under the Arbitration Act is clear upon this point": Johnson v. Lake City Borough, 201 Pa. Superior Ct. 216, 221.

An examination of plaintiffs' second amended complaint in assumpsit reveals that, in 1958, plaintiff parents engaged defendant, an oral surgeon, to straighten the teeth of the minor plaintiff, R. Scott Cramer, then aged 15 years for the contract price of $850. After $4\frac{1}{2}$ years of treatment it is alleged that certain damage to the child's teeth was discovered which resulted from defendant's performance of his duties in an improper and unworkmanlike manner. It was further alleged that because of defendant's improper performance of the contract plaintiffs will be forced to expend the sum of $1,100 to treat damaged teeth and to cap and replace other teeth. Plaintiffs therefore sought recovery of the contract price of $850 from defendant and the additional sum of $1,100 to repair the damage to the teeth.

It is evident from the foregoing that no cause of action is stated in behalf of the minor plaintiff, R. Scott Cramer, and therefore he is in reality not a proper party to the suit. If as decided in the Johnson case, supra, parents in their derivative suit have no standing to appeal without payment of costs and giving the required recognizance, a fortiori, they cannot be relieved when their suit simply involves a contract respecting their child.

Appellants request to amend the bond and pay the costs nunc pro tunc. As stated in Ostot v. Shoff, supra, such leave should not be granted in the absence

672

of fraud or its equivalent. No such compelling reason has been shown in this case. To grant such leave here would render the statutory conditions for an appeal a nullity. Since neither condition requisite for an appeal has been met, the appeal must be quashed.

*Order of Court*

And now, January 26, 1965, at 9 a.m. (EST), for the reasons set forth in the foregoing opinion, the rule to show cause why the appeal from the award of the arbitrators should not be quashed is made absolute and the appeal quashed. An exception is noted for plaintiffs.