## Coates v. Rodemoyer

*George H. Rowley*, for plaintiffs.

*Anna Belle Jones*, for defendant.

McKAY, P. J., December 19, 1966.—There are before the court a motion of plaintiff to quash an appeal from an award of a board of arbitrators in favor of plaintiff in an automobile negligence case and a petition of defendant in that case for leave to perfect his appeal nunc pro tunc.

The award was filed September 26, 1966, and was in the amount of $295.74. On October 14, 1966, the insurance company which represented defendant directed his counsel to take an appeal. Counsel hurriedly obtained defendant, took him into the office of the prothonotary and, on one of the official appeal forms furnished by that officer, had defendant sign the appeal, make the affidavit that the appeal was not for delay, and pay the costs to date and arbitrators' fees. Counsel also typed in the date and name of plaintiff in the form of a recognizance for the costs to be incurred on appeal, which is printed at the bottom of the official appeal form. The prothonotary asked what the amount of the recognizance was, to which counsel replied, in substance, "I think that it is usually double the amount of the costs".

The prothonotary thereafter did not insert the amount of the recognizance, the name of plaintiff for whose benefit the recognizance was acknowledged, nor sign or attach his seal to the recognizance. No surety appeared before the prothonotary.

In this state of the record, plaintiff contends that no recognizance was filed at all and that the appeal should, therefore, be quashed. Defendant contends that he did all that he was required to do under the circumstances, and that it was the responsibility of the prothonotary to fill in the rest of the recognizance form and sign and attach his seal to it. In short, it is defendant's position that the only thing lacking in the recognizance,

which he was bound to do under the circumstances, was to have some person appear as surety before the prothonotary and acknowledge the recognizance, and that he now desires leave to do this so as to perfect his appeal nunc pro tunc.

We are extremely reluctant to grant defendant's petition unless the law compels us to, for the amount involved is very small, the panel of arbitrators was made up of three of our most competent and conscientious lawyers, and we cannot avoid the conviction that the present case is one of the type that should be disposed of by the arbitration system. In Mercer County, as in other counties, we are struggling in the face of a flood of litigation in automobile cases to keep our civil trial list current, and so far, with the aid of a cooperative bar who have settled most of the settleable cases, we have been able to do so. Nevertheless, we cannot in good conscience charge juries to abstain from prejudice and bias and not do it ourselves and, hence, we must decide this case like any other, under the law, among whose principles is the one that if one has the right to do a thing, the law will not inquire into his motives for doing it.

The law applicable to the questions before us is well established. The arbitration statute [1] provides, in addition to the other requirements which defendant met, that a recognizance to cover future costs be filed within 20 days of the award, and that where a recognizance for cost is wholly lacking, the appeal will be dismissed or struck off: New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367, 369; Hawthorne v. Penchiff, 40 D. & C. 2d 43; Stewart v. Masson, 40 D. & C. 2d 401. On the other hand, it is also the law that where a *defective* recognizance for costs has been

---

[1] Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71; as modified by Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921.

filed by appellant, the established practice is to permit appellant to perfect the recognizance or file an amended one nunc pro tunc and not dismiss the appeal until an opportunity to do so has been given appellant: New Castle Metal Products Company v. Campbell, supra; Koenig v. Bauer, 57 Pa. 168. The distinction between a defective recognizance and none at all is also recognized in the case of McIlhaney v. Holland, 111 Pa. 634. Accordingly, the decisive question before us is whether the recognizance in the instant case is merely defective or whether no recognizance was filed at all.

In this connection, it is to be noted that the arbitration statute does not require the filing of an appeal *bond*, but a *recognizance*. There is a difference between a bond and a recognizance. A bond is an instrument signed and sealed by the principal and his surety conditioned for the payment of a sum of money. It is said to create a new debt. The signatures and seals of the parties are indispensable: 36A Words and Phrases, page 11; Lawton v. State, 5 Texas 270. Webster defines a bond as "a writing under seal, by which a person binds himself, his heirs, executors, and administrators".

A recognizance, on the other hand, does not create a new debt like a bond, but is an acknowledgment of a precedent debt: 2 Bl. Comm. 341. Further, it is a debt of record acknowledged before a court or other authority with a condition to do some particular act. It need not be executed by the parties: 36A Words and Phrases, page 11: State v. Bradsher, 189 N.C. 401, 127 S. E. 349.

In the case of Commonwealth v. Lamar, 32 Pa. Superior Ct. 200 (1906), at page 204, the court stated: "A recognizance is an obligation of record, entered into before a court or officer duly authorized for that purpose; and although it is not uncommon in practice, and for certain purposes is a wise precaution, to have

the principal and his surety sign, this is not essential to the validity of a recognizance for the appearance of a defendant in a criminal case: [citing Commonwealth v. Emery, 2 Binney 431.]" [2]

It was the common practice as early as 1906, and is today, for the principal and surety to sign a recognizance, and the term bond and recognizance are, in practice, used simultaneously. Nevertheless, the signature of the parties is still not required on a recognizance although it is required on a bond. In fact, a recognizance is nothing more or less, then, than a written memorandum of the officer, here the prothonotary, that the persons in question appeared before him and acknowledged themselves to be bound to do a certain act.

Therefore, we accept defendant's position that when he appeared before the prothonotary and acknowledged that he was bound in a sum equal to the double amount of the past costs conditioned to pay for the costs on the appeal, he thereupon "filed" a recognizance, and the only thing that is lacking to make it complete is a similar acknowledgment of a surety of the recognizance and a notation thereof by the prothonotary. The lack of the signature of the parties is immaterial, and plaintiff cannot take advantage to the prejudice of defendant of the failure of the prothonotary to make a more complete memorandum or record of the recognizance of the principal than was in fact taken.

We conclude that the recognizance in the present case was taken, that it is defective only to the extent that the prothonotary neglected to insert the amount of it and to sign and seal it himself and, more important, in that no surety appeared and acknowledged himself equally bound with defendant, the principal.

Defendant, therefore, should have the right to per-

---

[2] If the signature is not necessary in a criminal case, it surely would not be necessary in a civil case like the present one.

fect his recognizance either by bringing a surety before the prothonotary and having him acknowledge the obligation as such surety, the prothonotary first filling in the amount and the name of plaintiff in his memorandum or, if he so desires, filing another paper in the form now more currently used which he and the surety shall both sign and acknowledge before the prothonotary and in which they acknowledge their obligations to pay all costs accrued and unpaid, as required by the Arbitration Act, or that may be legally recovered against defendant, as modified by the Act of 1845, supra.

ORDER

Now, December 16, 1966, the motion of plaintiff to quash the appeal is refused, provided defendant perfects his appeal within 10 days from the date of receipt of notice of this order; otherwise, the motion to quash will be granted.