Beth-Allen Sales Company, Appellant, *v.*
Hartford Insurance Group.

Argued March 19, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*J. Jackson Eaton*, with him *Theodore J. Zeller, Jr.*, and *Butz, Hudders & Tallman*, for appellant.

*Robertson B. Taylor*, with him *Kolb, Holland, Antonelli & Heffner*, for appellee.

OPINION BY HOFFMAN, J., June 12, 1970:

This case, which involved a claim of less than $2,-000.00, was submitted to a Board of Arbitrators in

Lehigh County. The arbitrators filed an award in favor of the defendant and additional defendant. Within the statutory period, plaintiff filed an appeal from the award. In an attempt to perfect the appeal, plaintiff filed an appeal affidavit affirming that the appeal was not taken for purposes of delay, paid all costs that had accrued in the action, and deposited an additional sum of $50.00 with the prothonotary. The prothonotary noted on the docket with regard to this $50.00: "Cash bond in the sum of $50.00 deposited with the Prothonotary."

Defendant moved to quash the appeal on the ground that plaintiff had failed to file a recognizance with sufficient surety, within the 20 day period as required by the Act of June 16, 1836, P. L. 715, §27, 5 P.S. §71. The lower court, after argument, quashed the appeal. That decision is now the subject of the appeal before us.

Most recently, in *Gable v. Chintala*, 212 Pa. Superior Ct. 471, 243 A. 2d 487 (1968), our Court held that the deposit of cash does not meet the statutory requirement that a recognizance be filed on appeal. There, the prothonotary noted on the docket that money was "deposited in the escrow account." We noted in dictum, however, that where a defective recognizance is filed, the same may be perfected after the appeal time has expired and the appeal will not be dismissed. *New Castle Metal Products Company v. Campbell*, 131 Pa. Superior Ct. 367, 200 A. 118 (1938) ; *Ostot v. Shoff*, 22 Pa. D. & C. 2d 488 (1960) (JACOBS, J.).

The issue in this case is whether plaintiff satisfied the statutory requirements for filing a recognizance. More specifically, the issue is whether the reference to a cash bond, together with the deposit of $50.00, constituted the filing of a recognizance with one or more sureties, as is required by the Act.

The meaning of the word "recognizance" was considered in *Commonwealth v. Emery*, 2 Binney 431 (1810). In *Emery*, the memorandum on the docket stated the caption of the case, a name, an amount, that it was conditioned on the appearance of a person at a term of court, and two signatures. It did not mention the word "recognizance," "debt," "obligation," "bond," or similar words. Yet, the Supreme Court found from the above, a sufficient "recognizance". In so holding, the Court stated: "A recognizance is a debt of record, entered into before some court, judge or magistrate, having authority to take the same. . . . The manner of taking a recognizance is, that the magistrate repeats to the recognizors the obligation into which they are to enter, and the condition of it, at large, and asks them if they are content. He makes a short memorandum, which it is not necessary that they should sign, although a custom has lately taken place in this city, for the recognizors to sign their names. . . . In all countries there are particular modes of doing business, which are known and regarded by their courts. Our courts and justices transact their business with much less form than in England. By this we save much expense, although we are sometimes subject to ill consequences arising from uncertainty. In this Commonwealth, the records of the courts of justice, consist principally of short entries, not reduced to form. It is sufficient if these entries contain substance capable of being worked into form. I think it reasonable to apply the same rule to recognizances taken by magistrates out of court. The question will then be, whether the memorandum given in evidence in this case, contained substance sufficient to be drawn into a formal recognizance? I think it did." Id. at 434-35.

Thus, *Emery* indicated that a recognizance need not be a formal document. Rather, it may be acceptable so long as sufficient information is provided from which

46

the nature of the cognizor's obligation may be understood. *Emery* has since been followed by the courts of this Commonwealth in other cases which have indicated that the recognizance need not be drawn with great specificity or particularity to satisfy statutory requirements. *Frost v. Roatch,* 6 Wharton 359 (1841); *Commonwealth for Allen v. Finney,* 17 S. & R. 282 (1828); *Cochran v. Parker,* 6 S. & R. 549 (1821); *Commonwealth v. Lamar,* 32 Pa. Superior Ct. 200 (1906); *Commonwealth v. Savage,* 30 Pa. Superior Ct. 364 (1906); *Coates v. Rodemoyer,* 41 Pa. D. & C. 2d 593 (1966).

In addition, the Supreme Court has indicated that reference to the cause of action is a significant consideration in passing on the acceptability of a recognizance.

In *Moore v. McBride,* 1 P. & W. 148 (1829), a short minute of recognizance of special bail taken by a clerk of the prothonotary stated: "Robert McBride held in $200.00 *cogn. coram* Edward Leonard for John P. Helfenstein, Prothy 5th May 1824 C.C. and special bail entered." This notation contained no statement of the condition of the recognizance. It stated only the name of the person held, an amount and the name of the prothonotary, his deputy, and date. No signature of the cognizor appeared on the notation. Yet the Supreme Court held: "Here there was but one kind of bail known to the law, in that stage of the cause, and but one form of recognizance which could be taken. It cannot be pretended that any difference of opinion can exist as to what the bail engaged. The special bail is named, and the sum in which he is bound; and this is subjoined to the statement of the suit on the [prothonotary's] docket, the date added, and the name of the prothonotary's clerk; it is impossible that there can be any mistake as to any one matter essential in the case." Id. at 151.

Finally, it should be noted that our courts have used the words "bond" and "recognizance" interchangeably, although they are admittedly different.[1] Indeed, even in *Gable v. Chintala,* supra, on which both the lower court and defendant rely most heavily, the word is used interchangeably. See also *New Castle Metal Products Company v. Campbell,* 131 Pa. Superior Ct. 367, 200 A. 118 (1938); *Cramer v. Zeigler,* 36 Pa. D. & C. 2d 669 (1965).

It would appear to us from the above-cited cases, therefore, that the requirements of a recognizance are not rigid and inflexible. Since the courts of this Commonwealth have, in the past, been imprecise in the use of the terms recognizance and bond, we cannot hold the prothonotary's office to a higher standard of care. The reference to the "bond" in the docket was clearly intended to mean the statutorily required "recognizance" in appeals from the awards of arbitrators. We adopt the approach of the Supreme Court in *Moore v. Mc-Bride,* supra, that since there is but one kind of recognizance in this type of case, we cannot, nor should we, assume that a different form of recognizance was intended. We conclude, that the "bond" or "recognizance" noted on the docket was defective in that it did not set forth all of the conditions of a proper recognizance. As we noted in *Gable v. Chintala,* however, the established practice is to permit the filing of an amended recognizance non pro tunc and not to dismiss the appeal in such circumstances. This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice. See *Cochran v. Parker,* supra.

---

[1] For the technical distinction between a bond and a recognizance, see *Coates v. Rodemoyer,* supra.

Defendant also points out that the recognizance is defective in that there was no surety as required by the arbitration act. Plaintiff argues, on the other hand, that the $50.00 deposit was an adequate substitute for the surety. He bases this argument on the ground that the Act of April 22, 1909, P. L. 115, §1, 12 P.S. §561 specifically allows the substitution of cash for such bonds with surety. He argues, therefore, that the procedure set forth in that act is applicable to a recognizance. We do not here pass on this questionable argument, nor do we believe that such is necessary in light of our disposition of the case. Lower courts have held that a recognizance which is defective because no surety appears may be amended so that the appeal is perfected. See *Coates v. Rodemoyer,* supra. Since we conclude that the recognizance, while defective, may be amended, and plaintiff has indicated a willingness to so do, we believe that it would be appropriate for plaintiff to simultaneously amend that portion.

In summary, then, this case differs from *Gable* where no reference was made to a bond or recognizance. Here, plaintiff in good faith took his appeal and filed a "bond" which, in his opinion, complied with the requirements for perfecting the appeal. Although the recognizance was defective in various respects, its purpose, in light of the statutory framework was obvious and its obligation understood. To quash the appeal in these circumstances would result in a return to the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years.[2]

---

[2] We note also that the filing of the "cash bond" was one of the two procedures employed in Lehigh County. While traditional procedure or custom cannot prevail in the face of a statute to the contrary, *Gable v. Chintala,* supra, here the local practice, while defective, sufficiently approximated the statutory requirement.

Accordingly, the order of the lower court quashing plaintiff's appeal is vacated provided plaintiff perfects his appeal within twenty days of notice of this order; should plaintiff fail to so perfect his appeal, the order to quash may be reinstated by the lower court without further direction from this Court.

Order vacated in accordance with the directions of this opinion.