## Tutelea Estate

*Cyril T. Garvey,* for appellant.
*P. Raymond Bartholomew,* contra.

ACKER, J., January 30, 1973.—Preliminary objections in the nature of a motion to quash the appeal have been filed by the executor of this estate. The petition for citation sur appeal alleges that decedent was not of sound mind at the time of execution of the will in question; that it was procured by undue influence, duress and constraint practiced upon decedent by certain named persons. The issues are discussed below.

*When an appeal is filed from a decree of the Register of Wills and a bond is posted in the amount of $100 while the statute requires a bond of not less than $500 nor more than $5,000, must the appeal be dismissed?*

Decedent, Anna Tutelea, became deceased on July 23, 1972. Martin E. Cusick, Esq., an attorney of this bar, qualified as executor. The will was executed on July 6, 1972. A petition for citation sur appeal from

register and probating will was filed September 22, 1972. As a part of that petition was filed a "bond for costs on appeal." This was in the amount of $100. On September 22, 1972, this court entered a decree directing certain issues to be tried by a jury. A date was set by the Register of Wills of October 23rd for hearing. Prior thereto on October 3, 1972, respondent filed a preliminary objection advancing various contentions, only two of which are now in issue. The first is that the Probate, Estates and Fiduciaries Code of December 6, 1972 (no. 164), does not tolerate an appeal unless a bond not less than $500 nor more than $5,000 has, in fact, been filed within the 10-day period. By section 908(b) of the Probate, Estates and Fiduciaries Code, supra, it reads:

"(b) Bond—Anyone appealing from a decree of the register shall, within ten days after filing his appeal, file with the register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than $500 or more than $5,000, as the register considers necessary, conditioned for the payment of any costs that may be decreed against him. If no bond is filed within the ten-day period, the appeal shall be considered abandoned."

This language is identical to the predecessor statute: Act of June 28, 1951, P. L. 638, art. II, sec. 208, 20 PS §1840.208.

Respondent relies upon Bailey's Estate, 281 Pa. 392, 126 Atl. 793 (1924). There, interpreting the Register of Wills Act of 1917 where the sureties did not execute the bond before the Register of Wills within the 10 days required by the statute, an appeal was quashed. The language of the act is of particular concern. It was held to be plain and mandatory, page 394:

" 'In case no bond such as aforesaid shall be filed with the register within ten days after the filing of any

. . . appeal, as aforesaid, such . . . appeal shall be considered as abandoned, and shall be dismissed; and proceedings may be had in all respects as if no such . . . appeal had been filed.' "

This decision was used in a per curiam affirmation of a dismissal of an appeal in Doyle's Estate, 318 Pa. 371, 178 A. 2d 493 (1935).

An appeal has been dismissed under the authority of Bailey's Estate, supra, in a number of subsequent lower court decisions: Polke's Estate, 30 D. & C. 521 (1937), construing the Register of Wills Act of June 7, 1917, P. L. 415, repealed June 28, 1951, but allowing a new appeal within the two-year period permitted by the statute. There, the lower court had permitted the daughter to file an appeal from probate accepting her own bond without surety in that she alleged poverty and inability to furnish a bond. Davis' Estate, 28 D. & C. 333 (1936), where there was a complete failure to file any bond but a right was granted to file a second appeal within the two-year limitation. Ringlaben Estate, 1 Fiduc. Rep. 256 (Luz., 1951); this case was likewise decided under the Act of June 7, 1917 where the bond was filed more than 10 days after the taking of the appeal. The appeal was therefore quashed. Schmohl Estate, 4 Fiduc. Rep. 215 (Cumb. 1954); this was the first case under the Wills Act of June 28, 1951, but there was a failure to file any bond within the 10-day period. A bond filed subsequently did not cure the defect. Vaughn Estate, 10 Fiduc. Rep. 600 (Cumb. 1960), here, again, the bond was not filed within the 10-day period and the appeal was quashed. Bertovich Will, 14 Fiduc. Rep. 355 (Wash. Co. 1964), where the bond was not filed until more than 10 days after the appeal was entered and the lower court quashed the appeal without prejudice to take another appeal within the time prescribed.

Therefore, no case was found adjudicating the precise issue here present, i.e., whether petitioner may increase the amount of his bond after the 10-day period when the bond was filed within 10 days should be permitted. A literal reading of the provisions of the Probate, Estates and Fiduciaries Act of 1972 and its predecessor the Wills Act of June 28, 1951, would appear to allow such an amendment. It provides, "If *no* bond is filed within the ten-day period, the appeal shall be considered abandoned." (Italics supplied.) Further, the theory of the law is to permit a party to assert a claim or position if at all possible. So, in Thompson Will, 416 Pa. 249, 206 A.2d 21 (1965), a lower court was reversed in failing to permit an amended petition wherein the grounds giving rise to the appeal could be fully set forth.

Further, the Superior Court has recently spoken out on objections of the nature here presented: Meta v. Yellow Cab Company of Philadelphia, 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972), at page 475:

"The time has come to prohibit the use of a meaningless, de minimis condition to quash appeals. That position stands as a blemish upon a great program, initiated in Pennsylvania and being followed elsewhere, for the improvement of the administration of justice."[1]

Beth-Allen Sales Company v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A.2d 203 (1970), deals with an alleged defective recognizance in an arbitration appeal. There, the Superior Court took the position, page 48:

"Here, plaintiff in good faith took his appeal and filed a 'bond' which, in his opinion, complied with the

---

[1]Cited with approval in Plesh v. Fozi, 222 Pa. Superior Ct. 598 (1972.)

requirements for perfecting the appeal. Although the recognizance was defective in various respects, its purpose, in light of the statutory framework was obvious and its obligation understood. To quash the appeal in these circumstances would result in a return to the supremacy of form over substance and the exultation of technical detail over justice, an approach which courts in all areas have been opposing for many years."

Appellant in this case has two years in which to perfect a proper appeal. It is the contention of defendant that the right to appeal once improperly perfected is dissipated and can no longer be asserted: Anderson v. Richards, 173 Ohio St. 50, 179 N.E. 2d 918, 96 A.L.R. 2d 307 (1962). This view was followed in Kreider Estate, 85 D. & C. 443 (1953). However, the better view in this court's opinion is that as expressed in Polke's Estate, supra, Davis' Estate, supra, and Bertovich Will, supra, that the right to appeal is not lost by failure to file a bond and that anytime within the statute of limitations a new appeal may, in fact, be perfected. It would appear that we have advanced beyond the stage where an appeal must be quashed simply to have a new appeal perfected. This would be permitting form to prevail over substance and is repugnant to the enlightened position our appellate courts have been taking concerning bonds on appeal.

Wherefore, permission is granted to appellant within 10 days of the date of this order to file an amended bond as required by section 908 of the Probate, Estates and Fiduciaries Code.

*Is the executor a proper party to this appeal?*

The most that the executor can produce is authority that he is not a necessary party to a will contest, citing Royer's Appeal, 13 Pa. 569 (1850); Clemens' Estate, 19 District 357 (Philadelphia, 1910). In truth it is

questionable whether an appeal could be properly perfected if the executor was not named as a party: In re: Harrisburg Trust Company, Substituted Trustee for Frank R. Leib, Trustee, Deceased, Appeal of the Estate of W. L. Powell, 80 Pa. Superior Ct. 585 (1923), at page 586:

"There is no such legal entity as an 'estate.' 'It is a convenient phrase sometimes to identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law': Jones v. Beale, 217 Pa. 182. See also Phila. v. Peters, 57 Pa. Superior Ct. 275. It cannot be made the plaintiff in an action as it is not a person and cannot sue or be sued."[2]

It has been held that a personal representative is a necessary party defendant to an appeal from probate in Lowry's Estate, 26 D. & C. 200 (1936); Lohr's Estate, 40 C.C. 159 (Somerset 1912). In Evans Will, 8 Fiduc. Rep. 431 (Luz., 1958), preliminary objections to a petition for citation sur appeal from probate was sustained because of the failure, inter alia, to join and serve the executor as a necessary party.

Wherefore, the objection that the executor is named as an improper party is without foundation.

### ORDER

And now, January 30, 1973, the preliminary objection of executor to strike off the appeal for lack of conformity to law and to dismiss the appeal as to Martin E. Cusick, Executor, is denied. Appellant

---

[2]This same view was expressed in Casner v. Fisher, 22 D. & C. 2d 1 (1960).

is hereby granted 10 days from the date of this order to file an amended bond in conformance with the requirements of the Probate, Estates and Fiduciaries Code in an amount determined by the Register of Wills of Mercer County which shall not be less than $500 nor more than $5,000.