## Menarde *v.* Southeastern Pennsylvania Transportation Authority, Appellant.

*John Rogers Carroll,* for appellant.

*Bernard M. Gross,* with him *Gross & Sklar,* for appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from an order quashing an appeal from an arbitration award.

Defendant-appellant took a timely appeal to the Philadelphia Court of Common Pleas from an arbitration award in favor of plaintiff-appellee in the amount of $3,750. Appellee moved to quash the appeal on two grounds: that there were certain errors in the certificate of readiness filed pursuant to Philadelphia Arbitration Rule 6; and that the appeal was taken in bad faith. The lower court granted the motion.

The "errors" in the certificate of readiness are that the certificate does not accurately portray for computer purposes the estimated trial time; the type of case, namely, Trespass-Motor Vehicle Accident (010); the name of the insurance carrier; nor does it indicate that it is an appeal from arbitration.

Appellant observes, and appellee concedes, that these errors are typographical only and created no prejudice to appellee.

In order to preserve the right to trial by jury it is necessary that the "right of appeal for the purpose of

presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." *Dickerson v. Hudson*, 223 Pa. Superior Ct. 415, 421, 302 A. 2d 444, 447 (1973). Accordingly, it is settled that technical non-prejudicial errors will not bar an appeal from arbitration. Thus, failure to pay all record costs is an inadequate ground on which to quash an appeal, *Meta v. Yellow Cab Co.*, 222 Pa. Superior Ct. 469, 294 A. 2d 898 (1972), as is failure to properly file a recognizance, *Beth-Allen Sales Co. v. Hartford Insurance Group*, 217 Pa. Superior Ct. 42, 268 A. 2d 203 (1970), or failure to file a praecipe ordering the case down for trial, *Caples v. Klugman*, 202 Pa. Superior Ct. 517, 198 A. 2d 342 (1964) (*dictum*).

"[W]here a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with its requirements, justice will not permit his appeal to be dismissed with prejudice.

. . .

"To quash the appeal in these circumstances would result in a return to the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years." *Beth-Allen Sales Co. v. Hartford Insurance Group, supra* at 47-8, 268 A. 2d at 206.

We will not regress from this rule by denying appellant his right to trial by jury for reasons conceded to be inconsequential and more technical than those advanced in *Meta* and *Beth-Allen*.

With regard to appellee's allegation that the appeal was taken in bad faith, it is enough to note that there is nothing in the record to support the allegation.

The order quashing appellant's appeal from the arbitration award is reversed.