## McClary v. Davis

*Leon W. Silverman,* for plaintiffs.
*Daniel McWilliams,* for original defendants.
*Richard S. March,* for additional defendant.

TAKIFF, J., November 29, 1973.—On January 2, 1973, an arbitration award was entered in favor of plaintiff and against defendants and additional defendant. On January 22, 1973, the last permissible day for taking an appeal, additional defendant appealed the award. Judgment on the award was entered against defendants, who thereafter filed a petition to open judgment, alleging that they were deprived of the opportunity to join in the appeal by reason of additional defendant's taking the appeal at the last moment. On September 10, 1973, the court, per Takiff, J., denied the petition to open judgment. The matter is presently before the court on defendant's petition for reargument. Oral argument was made to the court in support of the petition.

The time limitation for appeal from an award of arbitrators is established by statute in the Act of June 16, 1836, P. L. 715, as amended, 5 PS §71, the appropriate portion of which provides:

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket."

The cases cited by petitioner stand for the proposition that:

"[W]here a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice": Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 47, 268 A.2d 203 (1970).

Thus, it has been held that certain technical, non-prejudicial errors will not bar an appeal from an arbitration award. For this reason, failure to pay all record costs is an insufficient ground on which to quash an appeal (Meta v. Yellow Cab Co., 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972)); as is failure to properly file a recognizance (Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A.2d 203 (1970)); failure to file a praecipe ordering the case down for trial (Caples v. Klugman, 202 Pa. Superior Ct. 517, 198 A.2d 342 (1964) (dictum)); or typographical errors in the certificate of readiness: Menarde v. Southeastern Pennsylvania Transportation Authority, 224 Pa. Superior Ct. 536 (1973).

In the present case, petitioner did not attempt to file an appeal within the statutory time limit. Therefore, this is not simply a matter of form in which the court has discretionary power no matter how equitable the argument for waiver arising out of noncompliance. It has long been the law that:

"Where an act of assembly fixes the time within which an appeal may be taken, the time may not be extended in the absence of fraud or its equivalent. There may be no extension of time as a matter of indul-

gence": Dixon Estate, 443 Pa. 303, 305, 279 A.2d 39 (1971). Accord, Luckenbach v. Luckenbach, 443 Pa. 417, 281 A.2d 169 (1971).

Since the time for appeal is determined by statute, the court has no discretion to extend the statutory period for filing the appeal in the absence of any allegation of fraud or its equivalent. Therefore, the court reaffirms its order of September 10, 1973, denying the petition to open judgment.