## Peitz, trad. as Peitz Heating and Cooling v.
## The Peoples Natural Gas Company

*Milton W. Lamproplos*, for plaintiff and original defendant.

*William C. Walker*, for additional defendants.

DOYLE, J., January 24, 1974.—Original defendant, the Peoples Natural Gas Company (Gas Company) drew its check on Pittsburgh National Bank (PNB) in the face amount of $4,750 payable to the order of plaintiff, Francis Peitz (Peitz), a heating contractor. The drawer delivered the check to John Corona (Corona) for redelivery by him to Peitz. Allegedly, Corona forged the payee's endorsement on the check and, as so endorsed, delivered it for collection and deposit to Commercial National Bank of Westmoreland County (Commercial Bank), where he maintained an account. The payee sued the drawer to recover the proceeds of the check. The drawer impleaded the drawee, which impleaded the depositary-collecting-payor bank, which

impleaded the alleged forger, all additional defendants.

After conciliation, the matter was ordered to compulsory arbitration under the Act of June 16, 1836 P. L. 715, as amended, 5 PS §30. On November 1, 1973, the arbitrators rendered an award in the face amount of the check in favor of Peitz against Commercial Bank with liability over against Corona. All other claims, counterclaims and crossclaims were dismissed. On November 20, 1973, Commercial Bank and Corona filed appeals from the awards.

Local Arbitration Rule §306, in pertinent part, provides:

"A. Any party may appeal from the action of the Board of Arbitration to the Court . . . . The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the . . . Prothonotary.

"1. The appellant . . . shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel."

Appellants *filed* their notice of appeal within the prescribed time period but did not *serve* that notice on appellees until November 26, 1973, by a posted letter which was delivered to appellees on November 27, 1973. Appellees' motion to quash the appeal is before us for disposition.

Courts have long distinguished between *taking* (filing) appeals and *perfecting* appeals. In promulgating Rule §306, that time-honored distinction was not included in the language in which the rule is cast. However, we must construe the language of the rule in light of the mandate of Pennsylvania Constitution (1968), article I, sec. 6, which preserves the right of trial by jury to all litigants. The rule must also com-

port with the compulsory arbitration statute which provides for appeals from awards. Such appeals *as of right* were incorporated into the compulsory arbitration statute, 5 PS §71, to avoid constitutional infirmity under article I, sec. 6. In any event, Constitution (1968), article V, sec. 9 may provide a *right* of appeal.

*Statutory* conditions attached to a right of appeal must be fulfilled by an appellant. See Phillips v. Workmen's Compensation Appeal Board et al., 10 Comm. Ct. 521 (1973). But the same considerations do not necessarily apply to a *local rule* of court. We express no opinion concerning any rules promulgated by the Supreme Court under its rule-making power set forth in Constitution (1968), article V, sec. 10(c).

Acceleration of the judicial process and final disposition of civil cases involving less than $10,000 impelled enactment of the compulsory arbitration statute and its implementation by the local rule. But this *local* court rule, like the Rules of Civil Procedure promulgated by the Supreme Court, must be reasonably construed. Cf. Pennsylvania Rule of Civil Procedure 126, Liberal Construction and Application of Rules. See Menarde v. Southeastern Pennsylvania Transportation Authority, 224 Pa. Superior Ct. 536 (1973); Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42 (1970). Werner v. Werner-Donaldson Transfer & Storage Co., 120 Pitts. L. J. 121 (1972), holds that local Rule §306, by making the notice provision a condition precedent to the taking of an appeal, may exceed the permissible parameters of local rule-making power.

With respect, we cannot adopt the draconian construction of local Rule §306 on which the motion to quash is founded. Such construction does not promote, in any significant degree, the proper, orderly and prompt conduct of the business of the court, but seri-

ously disaffects counsel and litigants. Such matters as notice, filing bonds and payment of costs relate to perfecting appeals and, absent substantial prejudice, should not absolutely bar an appellant who has timely *taken* (filed) an appeal.

We hold that the 20-day filing provision of local Rule §306 must be strictly complied with; an appellant must deliver to all parties-appellee or their counsel notice of filing the appeal within a reasonable time after filing the appeal; the notification posted in the United States Postal System within six days after filing the appeal is a reasonable time.

An appropriate order will be entered.

### ORDER

And now, January 24, 1974, appellees' motion to quash the appeals is dismissed.