## Levy v. Philadelphia-Suburban Gas Company

*Robert Morris Cohen*, for plaintiffs.
*Joseph T. Bodell, Jr.*, for defendant.

HIRSH, J., May 2, 1974.—Plaintiffs began this action in assumpsit and trespass on June 2, 1972, to recover damages for defendant's failure to properly install a central air conditioning system. On May 3, 1973, a certificate of readiness was filed which caused the case to be listed for arbitration. Thereafter, an arbitration panel held a full hearing on Sep-

tember 10, 1973, and filed an unanimous award in favor of plaintiffs and against defendant in the amount of $750. On September 18, 1973, plaintiffs filed their bill of costs in the sum of $59.90 to which defendant filed no exceptions. On October 1, 1973, defendant appealed the award of the arbitrators; tendered payment of the related appeal costs in the sum of $183, and tendered payment of plaintiffs' record costs in the sum of $54. Thereafter, on November 7, 1973, plaintiffs' counsel filed a motion to quash defendant's appeal, contending that defendant's failure to pay plaintiffs' bill of costs constitutes a substantive defect in defendant's appeal, and, consequently, said appeal must be quashed.

Judge Packel, speaking for the Superior Court in Meta v. Yellow Cab Co., 222 Pa. Superior Ct. 469, 294 A. 2d 898 (1972), recognized the following as the modern view for testing the sufficiency of compliance with the procedural requirements for taking appeals from arbitration awards:

" 'This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice.' " Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, at 47, 268 A. 2d at 206 (1970).

This court is satisfied that defendant has made "an honest effort to file his appeal in accordance with the statute." Defendant's counsel filed the appeal timely, paid the various appeal costs, and, in response to a letter from plaintiffs' counsel, tendered payment of the record costs. Defendant's counsel, however, failed to pay the bill of costs. Had said failure been intentional, this court would not be disposed to consider defendant's argument. However, a review of the record discloses some confusion on the part of

defendant's counsel resulting in his failure to pay plaintiffs' bill of costs. Despite the apparent mistake committed by defendant's counsel, this court believes that it was an honest mistake, and that defendant's counsel intended to properly comply with the requirements of taking an appeal.

"Although attorneys are supposed to know the law and to know how to take appeals, there is no reason to continue to maintain a legal trap which may cut down some appeals, but which puts counsel in a demeaning condition, creates bad public relations, and tends to cause additional malpractice litigation": Meta, supra, at 475.

It is settled that technical nonprejudicial errors will not bar an appeal from arbitration: Menarde v. Southeastern Pennsylvania Transportation Authority, 224 Pa. Superior Ct. 536, 309 A. 2d 160 (1973). In light of the facts that: (1) no prejudice has inured to plaintiffs; (2) the unpaid sum was minimal; and (3) defendant made a good faith effort to comply with the statute, this court believes that the interests of justice require the instant case to proceed to trial.

Accordingly, it is, therefore, ordered and decreed that plaintiff's motion to quash appeal is denied.