230 Pa. Superior Ct. 403 (1974)
Straff et al., Appellants,
v.
Nationwide Mutual Fire Insurance Company.
Superior Court of Pennsylvania.
Argued June 11, 1974.
September 23, 1974.
*404 Before WATKINS, P.J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent).
Herbert D. Rossman, with him Gregory J. Dean, for appellants.
William H. Bradbury, III, with him Charles A. Kerlavage, and Wright, Spencer, Manning and Sagendorph, for appellee.
OPINION BY PRICE, J., September 23, 1974:
We are here presented with the question of whether appellants' failure to comply with a local rule of court pertaining to the filing of a Motion for a New Trial constitutes an abandonment of the motion. The lower court held that there was an abandonment and granted a motion to quash appellants' post-trial motions. We agree and, therefore, will affirm.
Appellants initiated this cause of action claiming $93,500.00 loss by reason of a fire which destroyed their home on December 1, 1970. Appellee had denied the claim and defended this action, based upon its claim that the fire insurance policy was void by reason of a *405 violation of the conditions of the policy, and, specifically, that the fire was set directly by appellants or at their instigation and under their direction.
The jury rendered a verdict in favor of appellee on November 14, 1972. Appellants filed a Motion for a New Trial on December 1, 1972. Montgomery County Civil Rule 252 provides: ". . . counsel filing (motions for new trial) shall forthwith send copies in triplicate thereof to the trial judge. The duplicate copies shall immediately thereafter be filed with the official court stenographer and with the court administrator. . . ." Appellants acknowledge that they did not comply with the mandate of this rule, and that they took no further affirmative action on the record until, in response to appellee's Motion to Quash Post Trial Motions filed March 26, 1973, on May 30, 1973, they filed an Answer to the Motion to Quash setting forth matters which they contend entitles them to be permitted equitably to move forward with their Motion for a New Trial. Appellants contend that their failure to comply with the local rule of court should be excused because of difficulty encountered in raising sufficient funds to further retain counsel and pay costs and the reluctance of their counsel to incur the costs of appeal without a firm commitment from them. These costs and fee arrangements were further complicated because Montgomery County counsel were not the original trial attorneys, but were only later engaged to handle the appeal. Agreement on an acceptable forwarding fee arrangement also contributed to the delay.
This was very properly covered in the opinion of President Judge GROSHENS of the Montgomery County Court of Common Pleas:
"These financial and practical problems may explain but they do not excuse plaintiffs' noncompliance with Rule 252. Motions and rules play an important part in modern practice, and the tendency is to enlarge rather *406 than restrict their operation. Much of the procedure outlined by motions and rules is governed by local county rules, the validity and vitality of which are no less than of those rules promulgated on a state-wide basis.
"It is understandable that plaintiffs' counsel did not want to incur the expense of transcribing and printing the record without a firm financial commitment from the client. In denying defendant's assertion that plaintiffs have generally failed to move forward with their motion for new trial, plaintiffs' counsel refer to their correspondence with the forwarding attorney in Philadelphia, their efforts to have plaintiffs raise the requisite funds to finance the appeal, and the attorneys' attempts to work out a fair forwarding fee arrangement.
"To our mind, however, these endeavors helped little or not at all to move the matter forward within the judicial process. Instead, the communications demonstrate that the attorneys and the client were aware that time was an important factor. Though so apprised, plaintiffs failed to move the matter forward. The failure of a petitioner to press a motion for new trial may, in a proper case, be regarded as an abandonment thereof. 6A Standard Pennsylvania Practice 174."
Where, as here, the rule is clear and precise, it cannot be claimed that there is difficulty in interpretation and, unless a lower court has made a clearly erroneous interpretation, we have held we will adopt the lower court's interpretation. New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, 200 A. 118 (1938); Caples v. Klugman, 202 Pa. Superior Ct. 517, 198 A. 2d 342 (1964). Only when a lower court's construction amounts to an abuse of discretion will an appellate court interfere. Nerkowski v. Yellow Cab Company, 436 Pa. 306, 259 A. 2d 171 (1969); Budget Laundry Co. v. Munter, 450 Pa. 13, 298 A.2d 55 (1972); Caples v. Klugman, supra. No such abuse exists in the case presently before us.
*407 Further it cannot seriously be contended that procedural rules, either at the state or local level, are not an absolute essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. The lower court has correctly stated: "The sheer number of cases and appeals make it imperative the rules be strictly enforced. Anything less would disrupt the already tenuous flow of trials and resulting appeals."
The order of the lower court quashing appellants' Motion for a New Trial is affirmed.
JACOBS, J., took no part in the consideration or decision of this case.
SPAETH, J., concurs in the result.
DISSENTING OPINION BY HOFFMAN, J.:
The sole issue on appeal is whether the failure of the appellants to comply strictly with the provisions of Montgomery County Local Rule 252 constitutes an abandonment of their cause of action.
On July 15, 1971, the appellants, plaintiffs below, instituted a suit in assumpsit against the appellee insurance company to recover damages suffered as a result of fire loss to their home. The matter was tried before a judge and jury on November 9, 1972, and resulted in a verdict in favor of the defendant-appellee. Appellants filed a timely motion for a new trial on December 1, 1972, informed opposing counsel of such filing, but failed to comply with the strict requirements of Montgomery County Local Rule 252, which provides in relevant part that: ". . . counsel filing [motions for a new trial] shall forthwith send copies in triplicate thereof to the trial judge. The duplicate copies shall immediately thereafter be filed with the official court stenographer and with the court administrator. . . ." On March 26, 1973, the appellee filed a motion to quash appellants' post-trial motions for failure to comply with *408 Rule 252. On January 15, 1974, after hearing argument and upon consideration of briefs from both sides, the lower court granted appellee's motion because non-compliance with Rule 252 was tantamount to a failure "to move the matter forward during the four months after motion for new trial was filed." The lower court reasoned that ". . . procedural rules are necessary to insure the smooth and efficient operation of the judicial process. The sheer number of cases and appeals make it imperative the rules be strictly enforced. Anything less would disrupt the already tenuous flow of trials and resulting appeals."
It is undisputed that local rules of court, which are not inconsistent with our Supreme Court Rules or legislative enactments, are entitled to great consideration. Such rules should be given equal weight as our Supreme Court Rules and govern the practice before the respective courts. Percival v. City of Philadelphia, 12 Pa. Commonwealth Ct. 628, 636, 317 A. 2d 667 (1974); 17 P.S. § 62. I am, therefore, sympathetic with the lower court's reasons for requiring compliance with such rules at the trial level. I cannot agree that such harsh measures as the quashing of post-trial motions, which would in a civil case preclude an appeal to this Court,[1] should be employed where the rule prescribes certain ministerial acts which the court requires in the perfection of an "appeal" and where the opposing party has not been prejudiced by the failure of a party to adhere technically to such rule.
In applying the Supreme Court's Rules of Civil Procedure, we are guided by two overriding policies that appear in separate rules. First, Rule 126 dictates that *409 ". . . rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." In another rule, the Supreme Court authorizes the trial court to extend or shorten the time prescribed by any rule of civil procedure for the doing of any act. Pa. R.C.P. 248. Our Court has repeatedly restated this policy that "[t]he niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure." Godina v. Oswald, 206 Pa. Superior Ct. 51, 55, 211 A. 2d 91 (1965); see also, Commonwealth ex rel. Morgan v. Smith, 209 Pa. Superior Ct. 364, 228 A. 2d 6 (1967), rev'd on other grounds, 429 Pa. 561, 241 A. 2d 531 (1968).
With that view in mind, we have held that a timely appeal from an award in compulsory arbitration may not be quashed merely because counsel has failed to pay record costs prior to the filing of his client's appeal. Meta v. Yellow Cab Co. of Phila., 222 Pa. Superior Ct. 469, 294 A. 2d 898 (1972). In Meta, the Majority, following the trend to elevate substance over technicality, said at 475: "Although attorneys are supposed to know the law and to know how to take appeals, there is no reason to continue to maintain a legal trap which may cut down some appeals, but which puts counsel in a demeaning condition, creates bad public relations, and tends to cause additional malpractice litigation. The time has come to prohibit the use of a . . . de minimis condition to quash appeals." Likewise, we have refused to sustain the quashing of appeals or dismissal of actions where counsel failed to reimburse the winning party for jury costs, Plesh v. Fozi, 222 Pa. Superior *410 Ct. 598, 296 A. 2d 843 (1972); or failed to file properly a recognizance or praecipe ordering the case down for trial, Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A. 2d 203 (1970); or, where an incomplete or improperly prepared certificate of readiness prevented the proper listing of a case for trial, Menarde v. Southeastern Pa. Transportation Authority, 224 Pa. Superior Ct. 536, 309 A. 2d 160 (1973). In each case, we refused to bar a litigant's right to a trial or appeal simply because of "technical non-prejudicial errors." Menarde, supra at 538.
In a case similar to the instant one, Judge LEVIN of the Common Pleas Court of Philadelphia County refused to apply the strict provisions of General Court Regulation 71-12 so as to dismiss defendants' preliminary objections. Although the local rule provided that preliminary objections must be accompanied by a notice that such objections will be placed on a motion list and a memorandum of law, the Court permitted an extension of time in which to rectify the noncompliance with the regulation since it could not find any prejudice to the plaintiff by such an extension. McSorley v. Brook-side Day Camp, 62 D. & C. 2d 560 (1973).
My research discloses no appellate decision dealing with the right to quash post-trial motions for failure to comply with a local rule of court that provides for certain ministerial acts in addition to the timely filing of such motions. I believe, however, that the clear intent of the Supreme Court Rules and the cases following the modern practice of allowing the rectification of "technical non-prejudicial errors" where the substantive rights of the erring party are affected should compel this Court to overrule the decision of the court below. It is conceded that a timely motion for a new trial was filed. It is further admitted by the appellee that it was aware of the filing of the motion. No prejudice was demonstrated by the appellee in appellants' *411 failure to file triplicate copies of the motion so as to reach the court stenographer and court administrator. The purpose of the requirement is patently clear. Without notice of the filing of such motions, the matter would not be listed for argument by the court administrator; nor would the stenographer transcribe the notes of testimony from the trial. I am unable to conclude that with appropriate admonition the lower court could not have granted a brief extension of time so as to effect compliance with Rule 252. To deny the appellants the right to argue post-trial motions was, I believe, a harsh and unnecessary act.
I would therefore reverse the order of the court below quashing appellants' motions for a new trial, and remand for proceedings consistent with this opinion.
CERCONE, J., joins in this dissenting opinion.
NOTES
[1] The Supreme Court has recently held that the failure to object to a trial error in a civil case, or to raise the claimed error in post-trial motions, constitutes a waiver of such error and may not be raised on appeal. Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A. 2d 114 (1974).