as one who *observed THIS VEHICLE* being SO LOADED, nor was any witness produced who observed it being operated on the highways in that condition on the alleged "previous" trip.

## CONCLUSION

The evidence establishes that defendant's employer applies for special permits almost every business day. That, at the time of the arrest, defendant's employer had three or four outstanding permits for overweight loads to be transported from Midland to Ellwood City and obtains permits for such overweight trips routinely throughout the year.

For all these reasons, we make the following

## ORDER

And now, September 24, 1974, after hearing de novo, we find defendant not guilty.

## Middleberg v. Hyman Korman Corporation

*Myron H. Devtsch,* for plaintiff.
*Byron L. Milner,* for defendant.
*Arthur T. McWilliams,* for additional defendant.

S. SMITH, *J.,* December 12, 1974—Plaintiff's above lawsuit was heard in arbitration on August 16, 1974, and resulted in a finding in favor of both defendant and additional defendant against plaintiff. From this award, plaintiff appealed. This matter is before this court on the motion of defendant and additional defendant to quash the appeal.

Appeals from arbitration are governed by the Act of June 16, 1836, P.L. 715, sec. 27, as amended, 5 P.S. §1, and by our local court rules.

Rule VI of the Philadelphia Arbitration Rules says:

"A. Any party may appeal from the action of the Board of Arbitrators to the Common Pleas Court of Philadelphia County. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the entry of the award of the Board on the docket in the office of the Prothonotary.

"1. The appellant shall file: a notice of appeal with the Prothonotary and pay the appeal fee fixed therefor, and serve a copy of such notice upon the adverse party or his counsel; an affidavit that the appeal is not taken for delay but because he firmly believes injustice has been done; an appeal bond with sufficient surety in double the amount of costs likely to accrue; and a Certificate of Readiness in duplicate marked 'Appeal from Arbitration' ordering the case for trial on the Civil General Trial List.

"2. The appellant shall pay all costs accrued to the time of taking the appeal.

". . .

"3. The appellant shall first repay to the Deputy Court Administrator for Arbitration for the use of the county all fees received by the members of the Board of Arbitration in the case in which the appeal is taken."

The facts in the instant matter indicate that on September 4, 1974, plaintiff's attorney filed a notice of appeal with the prothonotary, along with a certificate of readiness marked "Appeal from Arbitration," along with an affidavit by counsel of no delay and an appeal bond for costs. It is also clear that plaintiff's attorney, by a letter dated September 3, 1974, advised each defendant's attorney of his intention to appeal the arbitration, and enclosed a copy of a certificate of readiness marked "Appeal from Arbitration" along with a $25 check to each defendant to cover record costs.

Plaintiff's attorney does admit that he inadvertently did not include in the letter of September 3d, duplicate copies of the prothonotary filing for appeal or affidavit of no delay or its appeal bond for costs.

Defendant and additional defendant now contend that this failure by plaintiff to send them such copies is clear noncompliance with Rule VI(A)(1).

However, the counsel for defendant and additional defendant both admit receiving plaintiff's attorney's September 3d letter which indicated the intention to file the appeal. Their receipt of the certificate of readiness copy marked "Appeal from Arbitration" and a check for record costs was even further notice of an appeal. In fact, the docket entries show that additional defendant's counsel was

so aware of the filing of the appeal that he paid $60 and requested, on September 6, 1974, a jury trial.

The law in the area of proper notice under Rule VI (A)(1) is rather scarce. Philadelphia Common Pleas Judge Hirsh in the case of Leinwand v. John Wanamaker of Philadelphia, Inc., 61 D. & C. 2d 1 (1973), did state that failure to serve a copy of the appeal papers on the opposing counsel was sufficient ground to quash an appeal, citing Meade v. Equitable Credit & Discount Co., 18 D. & C. 2d 646 (Phila. Co., 1959). However, in Leinwand, it is not known from Judge Hirsh's opinion whether defendant had such other notice as was present here.

In Meade v. Equitable Credit & Discount Co., supra, plaintiff's attorney alleged that he sent notice of the appeal to defendant by a letter dated September 24, 1958. It was received by said party on October 30, 1958, in an envelope postmarked October 29, 1958, the same day that plaintiff's attorney received a copy of the motion to quash the appeal.

Philadelphia Common Pleas Judge DiNubile, in effect, stated that he disbelieved plaintiff's attorney's allegations about the letter giving notice, and thus granted the motion to quash the appeal. But he did add: "the questionable conduct of plaintiff's attorney precludes any granting of leniency or indulgence in construing our rule of court in this instance.": 18 D. & C. 2d at page 648.

This seems to imply that had the court believed the letter of notice was sent on September 24, 1958, then it would have held the letter to be proper notice of filing under Rule VI(A)(1).

Other cases dealing with perfecting one's appeal

from arbitration shed more illuminating light on this matter.

It is well settled that technical, nonprejudicial errors will not bar an appeal from arbitration: Menarde v. SEPTA, 224 Pa. Superior Ct. 536 (1973). In Menarde, the court held that typographical errors in a certificate of readiness filed pursuant to Philadelphia Arbitration Rule VI were not adequate ground on which to quash an appeal.

The failure to pay all record costs in light of a good faith underpayment was also an inadequate ground: Meta v. Yellow Cab Co. of Philadelphia, 222 Pa. Superior Ct. 469 (1972).

The failure to properly file a recognizance exactly as required was also held to be an inadequate ground in Beth-Allen Sales Co. v. Hartford Ins. Group, 217 Pa. Superior Ct. 42 (1970).

In Beth-Allen, the court stated:

"[W]here a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice.": 217 Pa. Superior Ct. at page 47.

The court added, on page 48:

"To quash the appeal in these circumstances would result in a return to the supremacy of form over substance and exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years."

Thus, due to the high regard that our Pennsylvania courts give to the constitutional right to a trial by jury and the right of appeal, it is general policy that statutes giving the right of appeal should be liberally construed in furtherance of jus-

tice: Dickerson v. Hudson, 223 Pa. Superior Ct. 415 (1973).

In light of the more than sufficient notice of appeal that the counsel for defendant and additional defendant had received in the letter and enclosures sent by plaintiff's attorney on September 3, 1974, this court will not favor an interpretation of Rule VI which would work a forfeiture of the right of appeal.

Therefore, defendant's motion to quash plaintiff's appeal from the report and award of the arbitrators is hereby denied.

## ORDER

And now, December 12, 1974, defendants' motion to quash plaintiff's appeal from the report and award of the arbitrators is hereby dismissed.