## Tradesman Rod and Gun Club v. Engle

*Jack C. Younkin,* of *Wiest & Younkin,* for plaintiff.
*Myron M. Moskowitz,* for defendants

KIVKO, *P.J.,* January 2, 1976—Plaintiff filed an action in equity for the specific performance of an agreement to sell and convey real estate, with an abatement in the purchase price. At the conclusion of plaintiff's testimony, defendants moved for a compulsory nonsuit. On May 22, 1973, the court sustained defendants' motion for a compulsory nonsuit and dismissed plaintiff's complaint. On June 15, 1973, plaintiff presented a petition for a rule to show cause why a motion to remove the nonsuit should not be filed nunc pro tunc, on which the court granted a rule to show cause why plaintiff should not be permitted to file such a motion.

Rule 922 of the Northumberland County Rules of Court provides that a motion to take off a nonsuit "must be made, and the reasons on which the motion is grounded must be filed within four days after the . . . nonsuit."

Counsel for petitioner has stated that immediately following defendant's motion for a nonsuit and before the filing of the written opinion disposing of it, he had been instructed to appeal from the court's decision if it sustained the motion. While preparing a motion to remove the nonsuit on the weekend of June 9th, he discovered that the local rule of court provided that such a motion should be filed within four days instead of 20 days on which he was relying. He spoke to the hearing judge on June 11th (the twentieth day), advising him of his error and stated that it was his intention to file a motion nunc pro tunc but that the necessity of mailing the new motion to Philadelphia for verification by his client would cause a few additional days of delay. The new motion was filed June 15, the twenty-fourth day after the entry of the opinion.

Respondent contends that the rule of court is mandatory. However, a time limitation on such a motion prescribed by a local rule "may, in the discretion of the Court, be waived, if the interests of justice require it. Thus, even though the time permitted by court rule for seeking the removal of a compulsory nonsuit has expired, the court in its discretion may allow a motion for removal of nonsuit": 6 Standard Pa. Pract. §92, p. 378; Murray v. Hoffman, 115 Pa. Superior Ct. 148, 175 Atl. 293 (1934).

Plaintiff relies on Straff v. Nationwide Mutual Fire Insurance Co., 230 Pa. Superior Ct. 403, 326 A. 2d 586 (1974), in which the appellate court sustained the trial court's quashing of defendant's motion for a new trial where defendant failed to comply with the local rule of court pertaining to the filing of the motion. The Superior Court said, at 230 Pa. Superior Ct. 407:

"(I)t cannot seriously be contended that procedural rules either at the state or local level, are not an absolute essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. The lower court has correctly stated: 'The sheer number of cases and appeals make it imperative the rules be strictly enforced. Anything less would disrupt the already tenuous flow of trials and resulting appeals.''

The Straff case does not support plaintiff's contention that Rule 922 is mandatory. It merely sustained the principle that the interpretation and application is within the discretion of the lower court and that the use of discretion, if not abused, will be sustained on appeal. In the opinion of the minority in that case, the lower court's insistence on strict compliance of its rule was an abuse of discretion. The rationale behind such a conclusion was ably stated by Judge Hoffman (230 Pa. Superior Ct. at 408-09):

"I am . . . sympathetic with the lower court's reasons for requiring compliance with such rules at the trial level. I cannot agree that such harsh measures as the quashing of post-trial motions, which would in a civil case preclude an appeal to this Court, should be employed where the rule prescribes certain ministerial acts which the court require in the perfection of an 'appeal' and where the opposing party has not been prejudiced by the failure of a party to adhere technically to such rule.

"In applying the Supreme Court's Rules of Civil Procedure, we are guided by two overriding policies that appear in separate rules. First, Rule 126 dictates that '. . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' In another rule,

the Supreme Court authorizes the trial court to extend or shorten the time prescribed by any rule of civil procedure for the doing of any act. Pa. R. C. P. 248. Our Court has repeatedly restated this policy that '(t)he niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure.' Godina v. Oswald, 206 Pa. Superior Ct. 51, 55, 211 A.2d 91, 93 (1965); see also, Commonwealth ex rel. Morgan v. Smith, 209 Pa. Superior Ct. 364, 228 A.2d 6 (1967), rev'd on other grounds, 429 Pa. 561, 241 A.2d 531 (1968)."

The underlying basis for such an approach in determining the limits on the discretion the lower court may exercise is not to preclude a litigant from the opportunity to be heard on the trial or appellate level because of an inadvertent failure on the part of counsel to comply with a local rule of court where counsel acts promptly and in good faith and the objecting party is not prejudiced by the delay.

The principle is not too dissimilar to that applied in petitions to open judgments entered by default. "Errors of counsel such as the one here [counsel erroneously relied on copies of an entry of appearance which had never, in fact been filed] or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment.": Johnson v. Yellow Cab Co. of Philadelphia, 226 Pa. Superior Ct. 270, 307 A.2d 423 (1973). See also Balk v. Ford Motor Company, 446 Pa. 137, 285 A.2d 128 (1971); Fox v. Mellon, 438 Pa. 364, 264 A.2d 623 (1970); Stephens v. Bartholomew, 422 Pa. 311, 220 A.2d 617 (1966); Samuel Jacobs Distributors, Inc. v. Conditioned

Air, Inc., 223 Pa. Superior Ct. 466, 301 A.2d 907 (1973).

"It is well settled that the power to open a default judgment entered as a result of mistake or oversight of counsel, is frequently exercised where the petition to open is promptly filed and a reasonable excuse for the default is presented . . . Instantly, Attorney Flick was proceeding under the impression that the answer was not due until July 12, 1974; and this misunderstanding, if it was indeed a misunderstanding, explains his failure to file the answer at an earlier date. In the circumstances of this case, we are satisfied that the appellant-defendants offered a reasonable explanation for their failure to file a timely answer.": Alexander v. Jesray Construction Company et al., 237 Pa. Superiot St. 99, 346 A.2d 566 (1975).

Plaintiff argues that its position is sustained by James F. Oakley, Inc. v. School District of Philadelphia, 463 Pa. Superior Ct. 330, 346 A.2d 765 (1975). We do not believe that case applies. It deals with "statutory provisions." Ours involves a local rule of court to which the lower court's powers recited above still apply.

The Act of March 11, 1875, P.L. 6, as amended, 12 P.S. §645, as amended, gives a defendant the right to move the court en banc to set aside a judgment of nonsuit. If defendant fails to do this, no appeal from the determination of the lower court will lie: Harvey v. Pollock, 148 Pa. 534, 23 Atl. 127 (1892). To deny defendant in this case such a right by insistence on strict compliance with a local rule in the light of the power granted by rule of the Supreme Court, where no prejudice to plaintiff is involved, appears to us to be an unduly harsh measure, not justified by the circumstances present.

The time allowed under the local rule for filing the motion is unusually short, the momentary oversight by counsel is easily understandable, he acted with diligence and in good faith, and the legal issue presented is sufficiently meritorious to be heard by a court en banc, and, if desired by the parties, on appeal.

We, therefore, enter the following

### ORDER

And now, January 2, 1976, the rule issued is made absolute and defendant is authorized to file a petition to remove the nonsuit nunc pro tunc.